# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| JEAN COOK | * | CIVIL ACTION NO.  08-1335 |
| VERSUS | * | JUDGE WALTER |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED** for further proceedings consistent herewith.

## Background & Procedural History

On February 1, 2007, Jean Cook filed the instant application for Title II Disability Insurance Benefits.  (Tr. 28, 47-51).  She alleged disability since October 8, 2006, due to fibromyalgia.  (Tr. 55).  The state agency denied the claim at the initial stage of the administrative process.  (Tr. 28-32).  Thereafter, Cook requested and received an October 14, 2007, hearing before an Administrative Law Judge ("ALJ").  ( Tr. 17-27).  However, in a January 17, 2008, written decision, the ALJ determined that Cook was not disabled under the Social Security Act, finding at Step Four of the sequential evaluation process that she was able to return to her past relevant work as a convenience store manager.  (Tr. 6-14).  Cook appealed the adverse decision to the Appeals Council.  Nevertheless, on July 2, 2008, the Appeals Council denied

Cook's request for review; thus the ALJ's decision became the final decision of the Commissioner.  (Tr. 1-3).

On September 5, 2008, Cook sought review before this court.  She alleges the following errors:

(1)    the ALJ failed to consider plaintiff's fibromyalgia as a severe impairment;

(2)    the ALJ failed to obtain evidence from plaintiff's treating physicians and therefore did not fully develop the record;

(3)    the ALJ's Step Four determination is not consistent with his residual functional capacity assessment; and

(4)    at Step Five, the ALJ failed to elicit vocational expert testimony to establish that plaintiff could perform other jobs in the national economy.

### Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. at 401. Substantial evidence lies somewhere between a scintilla and a preponderance.  *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The reviewing court

may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary.  *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

### Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

    (1)    An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

    (2)    An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

    (3)    An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)     If an individual's residual functional capacity is such that he or she can
        still perform past relevant work, then a finding of "not disabled" will be
        made.

(5)     If an individual is unable to perform past relevant work, then other factors
        including age, education, past work experience, and residual functional
        capacity must be considered to determine whether the individual can make
        an adjustment to other work in the economy.

*See, Boyd v. Apfel*,  239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis;

under the fifth step, however, the Commissioner must show that the claimant is capable of

performing work in the national economy and is therefore not disabled.  *Bowen v. Yuckert*, 482

U.S. 137, 146 n. 5 (1987).  When a finding of "disabled" or "not disabled" may be made at any

step, the process is terminated.  *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  If at any

point during the five-step review the claimant is found to be disabled or not disabled, that finding

is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

<u>**Analysis**</u>

**I.**     <u>**Steps Two and Three**</u>

        The ALJ determined at Step Two of the sequential evaluation process that Cook suffers

from severe impairments of cervical radiculitis and degenerative disc disease.  (Tr. 11).  He

concluded, however, that the impairments were not severe enough to meet or medically equal any

of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the

process.  (Tr. 12).

        Plaintiff contends that the ALJ erred when he failed to consider fibromyalgia as a severe

impairment.  In assessing the severity of an impairment, the Fifth Circuit has determined that "an

impairment can be considered as not severe only if it is a slight abnormality [having] such

4

minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000) (citing *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir.1985)).  However, when, as here, the ALJ's analysis proceeds beyond Step Two of the sequential evaluation process, strict adherence to *Stone* and its requirements is not required.  *See Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988); *Chapparo v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987); *Jones v. Bowen*, 829 F.2d 524, n. 1 (5th Cir. 1987).  Once a severe impairment is determined to exist, all medically determinable impairments must be considered in the remaining steps of the sequential analysis.  20 C.F.R. § 416.923.  Indeed, the ALJ recited the foregoing regulation, and proceeded to consider the medical record and the aggregate impact of plaintiff's impairments.  *See* Tr. 10-13, and discussion, *infra*.  The critical issue becomes whether the ALJ's residual functional capacity assessment is supported by substantial evidence.

**II. Residual Functional Capacity**

The ALJ determined that Cook retained the residual functional capacity to perform the full range of light work.  (Tr. 12).[1]  Plaintiff contends that the ALJ failed to obtain additional

---

[1]  Light work entails:

> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

5

medical records from her treating physicians, and in so doing, failed to fully develop the record. It cannot be disputed that the ALJ has a duty to fully and fairly develop the facts relative to a disability claim.  *Kane v. Heckler*, 731 F.2d 1216, 1219-1220 (5th Cir. 1984) (citations omitted). Furthermore, when, as here, a claimant is unrepresented, the ALJ has a special duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id*.  If  the ALJ does not fulfill this duty, then his decision is not supported by substantial evidence.  *Id*.  Nonetheless, the ALJ's failure to adequately develop the record does not automatically warrant reversal.  *Id*.  The claimant must still demonstrate that she was prejudiced thereby.  *Id*.  "To establish prejudice, a claimant must show that [s]he could and would have adduced evidence that might have altered the result."  *Brock v. Chater*, 84 F.3d 726,728 (5th Cir. 1996) (internal quotes omitted); *Kane, supra*.  In other words, she should proffer the omitted evidence to the district court.  *Kane, supra*.

Assuming for purposes of discussion, that the instant ALJ did not fully develop the record, plaintiff still has not demonstrated resulting prejudice.  As far the court can discern, Cook has not produced the missing medical records that she contends would have materially affected the ALJ's decision.  In fact, at the hearing in this matter, plaintiff conceded that her doctors had *not* limited her activities.  (Tr. 23).  Accordingly, it is difficult to perceive how the omitted medical records would have impacted the ALJ's residual functional capacity assessment. However, because this matter is being reversed on other grounds, plaintiff may submit this additional evidence upon remand.

In his decision, the ALJ premised his residual functional capacity assessment essentially upon two sources:  a residual functional capacity assessment form completed by the state agency; and a questionnaire that plaintiff completed at her doctor's office in November 2006.  *See* Tr. 13.

The "support" provided by these sources, however, proves illusory.  First, it is manifest that the state agency assessment was completed by a disability *examiner*, not a state agency medical consultant.  *See* Tr. 129-136, 28.  A disability examiner is not a medical doctor, and his opinion is not considered an acceptable medical source statement or afforded the same weight as an opinion by a medical or psychological consultant of the state agency.  *See*, 20 C.F.R. 404.1527(f), 416.927(f); 404.1513(d)(3) and 416.912(d)(3).

Second, the ALJ interpreted the questionnaire completed by plaintiff as indicating that she could sit and stand for "7" hours per day and walk for "6" hours per day.  (Tr. 13, 99).  However, the instructions that immediately precede the question on the form ask the patient to use a scale where "6" is equivalent to "about 1 hour" and a "7" equals "several hours."  (Tr. 99).  Thus, by inserting a "6" in response to how long she could walk, plaintiff was actually indicating that she could walk for about one hour, which is consistent with another response indicating that pain prevented her from walking "more than 1/4 mile."  (Tr. 97).

The ALJ's misinterpretation of the form materially affects his residual functional capacity assessment because the full range of light work requires the ability to walk or stand for approximately six hours in an eight hour day. *Weary v. Astrue*, 2008 WL 3820989 (5th Cir. Aug. 15, 2008) (unpubl.).  In the absence of corroborating support from plaintiff's own appreciation of the functional impact of her impairments, the record otherwise remains devoid of medical evidence to support the ALJ's residual functional capacity assessment.  *See Williams v. Astrue*, 2009 WL 4716027 (5th Cir. Dec. 10, 2009) (unpubl.) ("an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions"); *Ripley v. Chater,* 67 F.3d 552, 557 -558 (5th Cir. 1995) (substantial evidence lacking where:  no medical assessment of claimant's residual functional capacity, and claimant's

7

testimony was inconsistent with ALJ's assessment);[2] *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004) (unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).

### III. Step Four and Remand

Because the foundation for the Commissioner's Step Four determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled, is also not supported by substantial evidence.[3]

Plaintiff urges the court to enter a judgment awarding benefits.  The courts have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. §405(g).  When reversal is warranted,  the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits.  *See Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed

---

[2]  In *Ripley*, the only evidence regarding the claimant's ability to work came from the claimant himself.  *Ripley*, 67 F.3d at 557.  The court remarked, however, that the ALJ failed to properly consider testimony from the claimant which was incompatible with the ALJ's residual functional capacity assessment.  *Id*. at 558, n.28.  Similarly here, by the time of the hearing, Cook professed the need to lie down for three to four hours "on any given day."  (Tr. 26).  Needless to say, such a limitation, if credited, is irreconcilable with even sedentary work.  *Id*.  As the record now stands, however, there is no evidence from a medical provider to rebut plaintiff's self-professed limitations.

[3]  The court need not reach plaintiff's remaining assignment(s) of error; they may be addressed upon remand.

the claimant's right to benefits).  The instant record is not so disposed.  Plaintiff's residual functional capacity assessment remains uncertain.  Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent herewith.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN(14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 28th day of January 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE